Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800

United States District Court
Southern District of New York                                   7:20-cv-05125

| | |
|---|---|
| Jenny Jolly, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Quest Nutrition, LLC, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Quest Nutrition, LLC ("defendant") manufactures, distributes, markets, labels and sells protein bars purporting to contain white chocolate under the Quest brand ("Product").

2.      The Product is available to consumers from retail and online stores of third-parties and is sold in bars of 2.12 OZ (60 g).

3.      The relevant front label representations include "Quest," "White Chocolate Raspberry," "Flavor," pictures of white chocolate and raspberries and an image of the Product.



4.     The representations are misleading because though the Product's name and depictions give consumers the impression it contains white chocolate, it does not contain any.

5.     Chocolate products are based on chocolate liquor, which is "prepared by finely grinding cacao nibs."[1]

6.     Chocolate may contain cocoa butter, cocoa powder or both.

7.     Chocolate liquor contains roughly the same amount of cocoa butter (fat) and cocoa solids (cocoa powder).[2]

8.     In contrast to sweet chocolate, milk chocolate, buttermilk chocolate and skim milk chocolate, which contain chocolate liquor, white chocolate is made of cocoa butter (cacao fat) and does not have cocoa solids or chocolate liquor.[3]

9.     White chocolate is defined as "the solid or semiplastic food prepared by intimately mixing and grinding cacao fat with one or more of the optional dairy ingredients…and one or more optional nutritive carbohydrate sweeteners."[4]

10.    Like other chocolate products, white chocolate contains dairy ingredients which

---

[1] 21 C.F.R. §163.111(a)(1).
[2] Wikipedia contributors. (2019, April 18). Chocolate liquor. In Wikipedia, The Free Encyclopedia. Retrieved 02:52, July 5, 2020, from https://en.wikipedia.org/w/index.php?title=Chocolate_liquor&oldid=893049574
[3] 21 C.F.R. §163.123 ("Sweet chocolate."); 21 C.F.R. §163.130 ("Milk chocolate."); 21 C.F.R. §163.135 ("Buttermilk chocolate."); 21 C.F.R. §163.140 ("Skim milk chocolate."); 21 C.F.R. §163.124 ("White chocolate.").
[4] 21 C.F.R. §163.124(a)(1).

contribute to its flavor and texture and nutritive carbohydrate sweeteners.

11.    Though the Product's ingredient list show it contains cocoa butter, a required ingredient for white chocolate, it does not contain any of the dairy ingredients or nutritive carbohydrate sweeteners, required for a food to be represented as white chocolate.[5]

> **INGREDIENTS:** PROTEIN BLEND (MILK PROTEIN ISOLATE, WHEY PROTEIN ISOLATE), SOLUBLE CORN FIBER, ALMONDS, WATER, COCOA BUTTER, NATURAL FLAVORS, ERYTHRITOL, RASPBERRIES. CONTAINS LESS THAN 2% OF THE FOLLOWING: SODIUM CASEINATE, SEA SALT, SUNFLOWER LECITHIN, STEVIA SWEETENER, SUCRALOSE.

> **INGREDIENTS:** PROTEIN BLEND (MILK PROTEIN ISOLATE, WHEY PROTEIN ISOLATE), SOLUBLE CORN FIBER, ALMONDS, WATER, COCOA BUTTER, NATURAL FLAVORS, ERYTHRITOL, RASPBERRIES. CONTAINS LESS THAN 2% OF THE FOLLOWING: SODIUM CASEINATE, SEA SALT, SUNFLOWER LECITHIN, STEVIA SWEETENER, SUCRALOSE.

12.    The dairy ingredients can include cream, milkfat, butter, milk, dry whole milk, concentrated milk, evaporated milk, sweetened condensed milk, skim milk, concentrated skim milk, evaporated skim milk, sweetened condensed skim milk, nonfat dry milk, concentrated buttermilk, dried buttermilk or malted milk. 21 C.F.R. §163.124(b)(2)(i)-(v).

13.    The Product's "milk protein isolate" and "whey protein isolate" are not acceptable dairy ingredients in a white chocolate product.

14.    Nutritive carbohydrate sweeteners include those that provide sweetness through a carbohydrate source, such as sucrose and corn syrup.

15.    The Product's erythritol, stevia and sucralose are non-nutritive sweeteners and therefore inconsistent as the sweeteners for white chocolate.

---

[5] These reasons are non-inclusive.

16.     The Product's front label contains the term "flavor" adjacent to "Raspberry," even though its ingredient list indicates it contains raspberries and "Natural Flavors."

17.     "Flavor" fails to disclose to consumers whether the Product contains an amount of raspberries sufficient to independently characterize the food and whether the "natural flavors" contain flavor derived from raspberries. *See* 21 C.F.R. § 101.22(i)(1)(i) (requiring a product with raspberry and flavor from raspberries to be labeled "natural raspberry flavored" or "raspberry flavored").

18.      "White chocolate" means actual white chocolate – not white chocolate flavor nor an unspecified percentage of cocoa butter, without more.

19.     Defendant's confusing labeling cannot clarify to consumers whether the Product contains "white chocolate."

20.     Reasonable consumers will expect the Product contains white chocolate for several reasons.

21.     First, the term "flavor" is adjacent to "Raspberry" and not white chocolate.

22.     Second, the front label contains images of white chocolate morsels.

23.     Third, consumers who check the ingredient list will notice "cocoa butter" and be wrongly assured this means the Product contains white chocolate.

24.     When they see "cocoa butter," it will further separate the term "flavor" from "white chocolate."

25.     Why, they would ask, would the Product's front label tell me it only contains "white chocolate flavor" when the ingredient list discloses the main ingredient in white chocolate, cocoa butter?

26.     Defendant's branding and packaging of the Product is designed to – and does –

deceive, mislead, and defraud plaintiff and consumers.

27.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

28.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

29.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

30.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.49 for bars of 2.12 OZ (60 g), excluding tax, compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

31.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

32.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

33.    Plaintiff Jenny Jolly is a citizen of New York.

34.    Defendant Quest Nutrition, LLC is a Delaware limited liability company with a principal place of business in El Segundo, Los Angeles County, California and although one member of defendant may be a citizen of California, upon information and belief, at least one member of defendant is not a citizen of New York, establishing diversity of citizenship for CAFA purposes.

35.    "Minimal diversity" exists because plaintiff and defendant are citizens of different states.

36.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred, *viz*, the purchase of the Product and the misleading representations relied upon by plaintiff.

37.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

<u>Parties</u>

38.    Plaintiff Jenny Jolly is a citizen of Yonkers, Westchester County, New York.

39.    Defendant Quest Nutrition, LLC is a Delaware limited liability company with a principal place of business in El Segundo, California, Los Angeles County.

40.    Defendant sells the Product to nutrition stores, convenience stores, grocery stores throughout this state and ships the Product into this state.

41.    During the relevant statutes of limitations, plaintiff purchased the Product within her her district and/or State for personal consumption and/or use in reliance on the representations the Product contained white chocolate.

42.    Plaintiff purchased the Product from Target in 2020.

43.    Plaintiff cannot be assured the Product's labeling in the future will be accurate even though she would like to purchase the Product provided its label and/or components are changed so they are no longer misleading.

## Class Allegations

44.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

45.    Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

46.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

47.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

48.    Plaintiff is an adequate representatives because her interests do not conflict with other members.

49.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

50.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

51.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

52.    Plaintiff seeks class-wide injunctive relief because the practices continue.

### New York General Business Law ("GBL"), §§ 349 & 350
#### (Consumer Protection Statutes)

53.    Plaintiff incorporates by reference all preceding paragraphs.

54.    Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

55.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

56.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

57.    The amount and proportion of the characterizing component, white chocolate, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

58.    Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

59.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

60.    Plaintiff incorporates by reference all preceding paragraphs.

61.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

62.    The amount and proportion of the characterizing component, white chocolate, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

63.    Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

64.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

65.    The representations took advantage of consumers' cognitive shortcuts made at the

point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

66.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

67.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

68.    Plaintiff incorporates by reference all preceding paragraphs.

69.    The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not – that it contained white chocolate.

70.    The amount and proportion of the characterizing component, white chocolate, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

71.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

72.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

73.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

74.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding

9

the Product.

75.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

76.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

77.    Plaintiff incorporates by reference all preceding paragraphs.

78.    The amount and proportion of the characterizing component, white chocolate, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

79.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

80.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

81.    Plaintiff incorporates by reference all preceding paragraphs.

82.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

10

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   July 5, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-05125
United States District Court
Southern District of New York

Jenny Jolly, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Quest Nutrition, LLC,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  July 5, 2020

/s/ Spencer Sheehan
Spencer Sheehan